# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

DIVONE MORRIS,

    Plaintiff,

v.

SPIRIT AIRLINES, INC.,

    Defendant.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, DIVONE MORRIS ("Plaintiff"), hereby sues Defendant SPIRIT AIRLINES, INC. ("Spirit") to secure redress for Defendant's violation of his civil rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, as amended ("Section 1981").

## JURISDICTION AND VENUE

1. This action against Spirit arises under the Constitution and laws of the United States, specifically Section 1981.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

3. Venue is proper in this Court because the unlawful discrimination and retaliation giving rise to the claims herein occurred within this judicial district, and the Defendant is located in this judicial district.

## PARTIES

4. At all times relevant, Plaintiff was a citizen of Florida, over the age of 18, and a person with standing to bring a claim under 42 U.S.C. § 1981.

5.      Plaintiff is an African-American male and, thus, a member of a protected class for purposes of Section 1981.

6.      Spirit is a Delaware corporation with its principal place of business and headquarters of Spirit located in Broward County, Florida.

7.      Spirit is the seventh largest airline/carrier in America operating more than 600 flights each day to 73 different destinations in the United States, Latin America, and the Caribbean Islands.

8.      In 2018, Spirit was ranked as one of the lowest ranked airlines in the United States by Consumer Reports.

## GENERAL ALLEGATIONS

9.      Through this General Allegations section, Plaintiff provides the general substance of certain factual allegations. Plaintiff does not intend that this section provide in exact detail, or necessarily in chronological order, any or all allegations. Rather, Plaintiff intends that this section merely provide Spirit fair notice of the general nature and substance of his allegations.

10.     On or about April 2, 2017, Plaintiff was hired by Spirit as an Inflight Instructor. Plaintiff's direct manager was Spirit's Development Manager, Performance Carolyn ("CJ") Mione.

11.     On several occasions throughout Plaintiff's employment, manager Mione, who is a white female, directed racially discriminatory language towards Plaintiff.

12.     For example, manager Mione used derogatory "ghetto" slang when speaking with Plaintiff, including calling him "boy" and/or "Hey boyyy," despite the fact he is a fully grown man.  As Dr. Martin Luther King, Jr. observed in his Letter from Birmingham Jail (Aug. 1963), racism is evident "when your first name becomes 'nigger' and your middle name becomes 'boy'

(however old you are)."

13. Manager Mione also directed racially stereotypical language toward Plaintiff, including asking him "How do you guys get your hair like that?" As Plaintiff was the only person in the room when Mione asked this, it is clear that by "guys" manager Mione meant "black people." As Malcolm X observed in his Autobiogaphy (1965), racism is evident when black persons are impelled to straighten their hair to try to conform with "white standards."

14. Plaintiff spoke with manager Mione to object to the discriminatory conduct and inquired about transferring out of the department. Plaintiff also complained to Human Resources representative Dolna Augsburg about manager Mione's conduct.

15. In or around the end of November or early December 2017, Plaintiff and another instructor were conducting a trainee class in which they collectively decided to dismiss one of the trainees based on unethical behavior (she was taking photos of exams and air dropping them to other people). All proper procedures were followed and Manager Mione approved the dismissal.

16. Subsequently, manager Mione, in retaliation for Plaintiff's complaints about her discriminatory conduct, began treating Plaintiff more harshly, yelling at him for no reason and adversely affecting the terms and conditions of his employment. Plaintiff complained about this retaliatory conduct to Human Resources and/or the Director of Inflight Services.

17. In further retaliation against Plaintiff, Manager Mione falsely told upper management that she had not approved the dismissal process for the trainee described above.

18. In further retaliation against Plaintiff, Manager Mione prevented Plaintiff from getting a promotion by speaking the Director of Inflight Services and convincing him to withdraw Plaintiff from consideration for the position.

19. On or about January 25, 2018, manager Mione terminated Plaintiff's employment

with Defendant. The stated reason given for the termination was that he was "insubordinate" and "did not follow company policies and procedures," but the real reason was retaliation for Plaintiff objecting to Mione's racially discriminatory conduct.

20. Similarly situated non-African-American employees who engaged in like conduct, including those involved in the collective decision to dismiss one of the trainees based on unethical behavior, were not terminated or subjected to other discriminatory and/or retaliatory treatment.

21. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
**Race Discrimination in Violation of 42 U.S.C. §1981**

22. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 21 as if fully restated herein.

23. Section 1981 guarantees freedom from racial discrimination in the making, enforcement, performance, modification, and termination of contracts. Section 1981 also guarantees equal enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

24. Plaintiff's employment relationship with Spirit constituted a contractual relationship for purposes of Section 1981.

25. Spirit terminated Plaintiff's employment relationship because of Plaintiff's race.

26. Spirit impaired Plaintiff's employment relationship by creating and condoning a racially hostile work environment by exposing Plaintiff to manager Mione's racially discriminatory conduct.

27. By intentionally creating and the aforestated hostile work environment and by terminating the employment relationship, Spirit denied Plaintiff equal enjoyment of all benefits,

privileges, terms, and conditions of the employment relationship.

28.     Through Spirit's conduct set forth herein, Spirit intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of their contractual employment relationship with Spirit, in violation of 42 U.S.C. §1981.

29.     The above conduct by Spirit constitutes discrimination in violation of Section 1981.

30.     Spirit's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

39.     As a proximate result of Spirit's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Spirit's actions, thereby entitling her to compensatory damages.

40.     Plaintiff requests the relief set forth in the prayer for relief below.

## COUNT II
### Retaliation in Violation of 42 U.S.C. §1981

41.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 21 as if fully restated herein.

42.     Plaintiff engaged in protected activity under 42 U.S.C. §1981 by objecting to Spirit's unlawful race discrimination.

43.     Spirit's conduct as alleged in Paragraphs 16 through 19, *supra*, violated 42 U.S.C. §1981, which prohibits persons from retaliating against employees based on an employee's opposition to race discrimination or complaint of discrimination.

44.     Spirit acted in violation of 42 U.S.C. §1981 when it retaliated against Plaintiff by

engaging in the aforestated actions because Plaintiff engaged in activities protected by 42 U.S.C. §1981. Spirit had no legitimate reasons for any such acts.

45. As a proximate result of Spirit's retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of such actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

46. Plaintiff requests the relief set forth in the prayer for relief below.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court:

1. Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Section 1981;

2. Grant all injunctive relief necessary to bring Spirit into compliance with the aforementioned laws;

3. Order Spirit to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Spirit's unlawful actions, in amounts to be proven at trial;

4. Order Spirit to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5. Order Spirit to pay exemplary and punitive damages;

6. Order Spirit to pay attorneys' fees and costs of the action;

7. Order Spirit to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

8. Grant any further relief that the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 10th day of July, 2019.

          Respectfully submitted,

          **WHITTEL & MELTON, LLC**
          */s/ Jay P. Lechner*
          Jay P. Lechner, Esq.
          Florida Bar No.: 0504351
          William J. Sheslow, Esq.
          Florida Bar No.: 92042
          11020 Northcliffe Boulevard
          Spring Hill, Florida 34608
          Telephone: (352)683-2016
          Facsimile: (352) 600-7533
          lechnerj@theFLlawfirm.com
          will@theFLlawfirm.com
          pls@theFLlawfirm.com
          jwalsh@the FLlawfirm.com
          *Attorneys for Plaintiff*